SUBURBAN PAVING COMPANY, INC. v. BO-MAN
ASSOCIATES, INC., AND OTHERS.
BJORN TENOLD PAINTING CONTRACTORS, INC.,
RESPONDENT.

195 N. W. 2d 816.

February 25, 1972—No. 43015.

*Lindquist & Vennum* and *Melvin I. Orenstein* and *Michael E. Murphy*, for appellants.

*Harvey E. Skaar*, for respondents.

Heard before Knutson, C. J., and Rogosheske, Kelly, and Hachey, JJ.

KELLY, JUSTICE.

This appeal arises out of a mechanics lien action. Bjorn Tenold Painting Contractors, Inc. (Tenold), a subcontractor and respondent here, was granted judgment against appellants, Bo-Man Associates, Inc. (Bo-Man), the general contractor, and Maurice Mandel, Inc., Boyer H. Palmer and Fern Palmer, owners of the property involved. This appeal is from an order denying a motion for amended findings of fact, conclusions of law

and order for judgment or, in the alternative, for a new trial. We affirm.

Tenold was hired by Bo-Man to paint a newly constructed apartment building for $14,300. The subcontract between Tenold and Bo-Man contained the following provision:

"THE SUB-CONTRACTOR AGREES AS FOLLOWS:

\* \* \* \* \*

"IV. To proceed with the work in the sequence directed by the Contractor \* \* \*."

Before Tenold had done any appreciable work on the building, Bo-Man had the trim placed on the walls. Testimony was admitted at the trial that this procedure slowed the painting and was not customary.

When Tenold was approximately half done, Bo-Man ordered the carpeting laid. Because the presence of carpeting would considerably retard the painting process, Tenold told Bo-Man that it would quit the job if Bo-Man laid the carpet. However, the carpeting was laid and Tenold made good its threat and left the job.

The claim of Tenold for recovery of the value of labor performed and materials furnished, based on the ground of breach of contract by the appellants, was tried to the court without a jury. The court allowed testimony showing that it was customary for the painters to complete painting the walls and ceilings before the carpet is laid. The court ordered judgment for Tenold.

It is appellants' position that the trial court erred by allowing evidence of custom which contradicts a plain, unambiguous provision in the construction contract. The issue is whether the provision by which Tenold agreed "[t]o proceed with the work in the sequence directed by" Bo-Man is so plain and unambiguous as to preclude evidence of a contradicting custom. We hold in the negative.

The provision in question is susceptible of several meanings. It might provide that Bo-Man has the power to order all subcon-

tractors to proceed in a certain sequence. The effect of this meaning is that Bo-Man could hire a subcontractor at a fixed price and then make the subcontractor's work tedious and unprofitable. On the other hand, the provision might mean only that Bo-Man could direct Tenold to paint certain areas in a sequence. Finally, the provision might intend both of these meanings. Whatever its intention, the provision is not so plain and unambiguous as to preclude evidence of custom which would aid in its interpretation. See, Electric Serv. Co. v. Lakehead Elec. Co. 291 Minn. 23, 189 N. W. 2d 489 (1971).

The cases cited by appellants are not relevant since they only state the general rule that evidence of custom is inadmissible to contradict a plain, unambiguous contract provision.

This being the only issue raised on appeal, the order denying a new trial is affirmed.

Affirmed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.